POLLEY v. POLLEY et al.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

1. MORTGAGES—EXECUTION—FRAUD—INTOXICATION.

Where a mortgagor, who had subsequently executed a deed to the premises, claimed that the mortgage was fraudulently obtained, and that he was so intoxicated at the time of its execution as not to realize the nature of the transaction, but the mortgage and deed were both in evidence, and the signature to the mortgage resembled that to the deed, and was even more legible, while the mortgagor testified that his writing, when intoxicated, was scarcely legible, and there was in evidence a letter, written by the mortgagor two days before the date of the mortgage, admitting his indebtedness to the mortgagee, the evidence sustained findings that the mortgagor was competent to understand what he was doing, and that the mortgage was given for valuable consideration.

2. SAME—EVIDENCE—PAYMENTS.

Where, in an action to foreclose a mortgage, there was no defense of payment set up in the answer, it was not error on cross-examination of plaintiff to exclude evidence that the mortgagor had paid plaintiff money since the date of the mortgage.

Woodward and Sewell, JJ., dissenting.

Appeal from special term, Kings county.

Action by John F. Polley against Grahams Polley and others. From judgment in plaintiff's favor, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and SEWELL, JJ.

Albert A. Wray, for appellants.
Robert H. Wilson, for respondent.

GOODRICH, P. J. The action is for the foreclosure of a mortgage dated and acknowledged December 30, 1899, by the defendant Grahams Polley to Abram C. De Graw, recorded January 2, 1900, and by the latter assigned to the plaintiff by assignment dated January 13, 1900, and recorded January 15, 1900. The mortgage was for $3,235, with interest, and is in the usual form. The mortgagor failed to pay the interest due June 30, 1900, and the plaintiff elected to demand payment for the whole amount, and brought this action.

On January 22, 1900, Grahams Polley conveyed the premises to the defendant James D. Leary. This was after the recording of the mortgage. The answer of the defendants Grahams Polley and James D. Leary and wife alleged that the mortgage and accompanying bond were executed by Grahams Polley without consideration, and without knowledge that he was signing a bond and mortgage; that the mortgage never became a lien on the premises, and is a cloud upon Leary's title; and prays that the mortgage may be canceled and discharged of record. There was evidence on the part of the defendants tending to show that Grahams Polley was so intoxicated at the time he signed the bond and mortgage that he did not know what he was doing, but there was also evidence directly contradicting such testimony. The bond and mortgage, and also the deed of Grahams Polley to Leary, are in evidence, and were submitted to this court for inspection. The signatures to the bond and mortgage not only do not indicate any abnormal condition of the writer, or any disturbance of mind or body, but, when compared with the signature to the Leary deed, they show that at the time Polley signed the bond and mortgage his physical power of control over his handwriting was superior to his power when he signed the deed. The signatures to the bond and mortgage are clear and definite, while the signature to the deed, even on a casual examination, indicates tremulousness in the hand of the writer, and less continuity than is shown in the signature to the bond and mortgage. Undoubtedly, this had great influence upon the mind of the learned justice, in view of the fact that Grahams Polley testified:

"When I became intoxicated, I could not understand anything; did not know anything that was going on. I could not write the same as I did when I was sober. My hand would not tremble, but in that way I would scribble something on some of the other pages I turned. I would scribble it rapidly, and it would not look like my ordinary signature. * * * When I am intoxicated I write so sometimes you cannot read it. Q. Usually, when you are intoxicated, and you write your signature, you cannot read it, is that right? A. Pretty nearly right."

It may also be said that there was in evidence a letter of Grahams Polley, dated two days before the date of the mortgage, admitting his indebtedness to the mortgagee in the sum of $2,842.92. Upon this issue of fact and upon sufficient evidence the court found that at the time of the execution of the bond and mortgage Grahams Polley "was fully competent to understand and comprehend what he was doing, and did fully understand and comprehend that he was executing and delivering said bond and mortgage," that he was not acting under duress or coercion or undue influence, and that no deceit or fraud was used by the mortgagee. He also found that the bond and mortgage were given for a valuable consideration. Without further analysis of the evidence, it is sufficient to say that not only was there no preponderance of evidence in favor of the defendants' contention, but there was abundant evidence to support the findings of fact.

The appellants' counsel argued orally, but not upon his brief, that it was error on cross-examination of the plaintiff to exclude evidence that Grahams Polley had paid the plaintiff money since the date

of the mortgage. There was no defense of payment set up in the answer, and the evidence was properly excluded.

The judgment should be affirmed, with costs.

BARTLETT and JENKS, JJ., concur. WOODWARD and SEWELL, JJ., dissent.